NO. 07-11-00215-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
JUNE 28, 2011
--------------------------------------------------------------------------------

 
 CHARLES HAROLD FISHER, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;
 
 NO. 4409; HONORABLE STUART MESSER, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 MEMORANDUM OPINION
 
Appellant Charles Harold Fisher attempts to appeal his conviction for possession of marijuana and sentence of twenty years' confinement in prison. On the State's motion, the trial court revoked appellant's deferred adjudication community supervision and adjudicated him guilty of the charged offense. Sentence was imposed on February 25, 2011. On May 25, 2011, appellant filed in this court a notice of appeal and motion for new trial, which we transmitted to the clerk of the trial court. The clerk's record was subsequently filed. It contains a copy of a notice of appeal bearing only the May 25 file mark of this court and a motion for new trial bearing no file mark. 
 By letter, we notified appellant his notice of appeal appeared untimely thus depriving us of appellate jurisdiction. We afforded him an opportunity to file documents or matters he considered necessary for determination of our jurisdiction. Appellant made no response.
Our appellate jurisdiction is triggered through a timely notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). Rule of Appellate Procedure 26.2(a) requires a notice of appeal be filed within 30 days after the day sentence is imposed in open court or within 90 days after imposition of the sentence if a timely motion for new trial is filed. Tex. R. App. P. 26.2(a)(1),(2). A motion for new trial is timely if filed "before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court." Tex. R. App. P. 21.4(a).
Appellant's notice of appeal was deemed filed with the trial court clerk on May 25 when it was filed with the clerk of this court. See Tex. R. App. P. 25.1(a). We see no indication appellant's motion for new trial, which also appeared here on May 25, was earlier filed in the trial court. Because appellant did not timely file a motion for new trial, his notice of appeal was due within thirty days after the date sentence was imposed in open court. However, appellant's notice of appeal was filed eighty-nine days after imposition of sentence and was therefore untimely. Our appellate jurisdiction has not been invoked.

Consequently, we dismiss the appeal for want of jurisdiction. 

 James T. Campbell
 Justice

Do not publish.